**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **VIASAT, INC.,**<br><br>      **Plaintiff,**<br><br>  vs.<br><br>**KIOXIA CORPORATION and KIOXIA AMERICA, INC.,**<br><br>      **Defendants.** | **Case No. 6:21-cv-1231** |

**KIOXIA CORPORATION AND KIOXIA AMERICA, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendants Kioxia Corporation and Kioxia America, Inc. ("Kioxia" is used where both defendants' answers are the same) hereby file their Answer to Plaintiff Viasat, Inc.'s ("Plaintiff") First Amended Complaint for Patent Infringement filed on April 22, 2022 ("Complaint") (ECF No. 33) and Kioxia America, Inc. ("KAI") hereby files its Counterclaims. Kioxia denies all allegations in the Complaint unless specifically admitted herein. Kioxia reserves the right to raise additional defenses and counterclaims based on discovery and further factual investigation in this case. Kioxia states as follows:

Kioxia admits that Plaintiff demands a trial by jury on all issues so triable.

**INTRODUCTION**

1. Kioxia admits that flash memory is a component of certain products used in computing, personal technology, gaming, enterprise data storage, and e-commerce applications and that certain components of flash memory hold electrical charge. Kioxia lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 1 of the Complaint.

2. Kioxia admits that flash memory has limitations and that data written to flash memory can contain errors. Kioxia denies that such errors undermine flash's usefulness. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 2 of the Complaint.

3. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 of the Complaint.

5. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 of the Complaint.

## NATURE OF THE ACTION

6. Kioxia admits that Viasat has asserted a patent infringement action. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Kioxia denies that Viasat holds any right, title, or interest in and to the '700 Patent.

8. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent.

9. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent.

10. Kioxia admits that Viasat seeks monetary damages.

**THE PARTIES**

11.     Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.     Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Kioxia admits that Kioxia Corporation is a corporation organized under the laws of Japan.  Kioxia admits that Kioxia Corporation has its principal place of business at 3-1-21, Shibaura, Minato-ku, Tokyo 108-0023, Japan.

14.     Kioxia admits that Kioxia America, Inc. is a subsidiary of Kioxia Corporation. Kioxia admits that Kioxia America, Inc. is organized under the laws of California.  Kioxia admits that Kioxia America, Inc. has its principal place of business at 2610 Orchard Parkway, San Jose, CA 95134. Kioxia admits that Kioxia America, Inc. operates an office at 801 East Old Settlers Blvd., Suite 110, Round Rock, TX 78664.  Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 14 of the Complaint.

15.     Kioxia admits the allegations of paragraph 15.

**JURISDICTION AND VENUE**

16.     Kioxia incorporates by reference its response to the identical allegations of Paragraph 6 of the Complaint.

17.     Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent.

19. Kioxia admits Kioxia America, Inc. operates an office at 801 East Old Settlers Blvd., Suite 110, Round Rock, TX 78664. Kioxia admits that the webpage currently available at https://www.intelligence360.news/kioxia-america-inc-to-spend-1116917-00-to-occupy-8665-square-feet-of-space-in-round-rock-texas/ states that "KIOXIA America, Inc. plans to invest $1,116,917.00 to build out 8,665 square feet of new space in Round Rock."

20. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent. Kioxia admits that Kioxia America, Inc.'s employees assigned to an Austin office conduct sales and customer support activities. Kioxia admits that the webpage currently available at https://business.kioxia.com/en-us/buy/global-sales.html includes the heading "Global Sales Offices" and under that heading lists "801 E. Old Settlers Blvd., Suite 110, Round Rock, TX 78664, USA." Kioxia denies that Kioxia America, Inc.'s employees assigned to an Austin office conduct product design activities.

21. Kioxia admits that the webpage currently available at https://about.kioxia.com/en-us/careers.html includes the heading "Find the Job You've Been Looking For" and under that heading includes a table with entries stating "Round Rock, TX" in the "Location" column.

**FACTUAL BACKGROUND**

22. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 of the Complaint.

23. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. Kioxia denies that the '700 Patent claims a valid invention. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 27 of the Complaint.

28. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Kioxia admits that flash memory includes transistors that are capable of storing electrical charge. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. Kioxia denies that the '700 Patent claims a valid invention. Kioxia denies that reading and writing to flash memory inherently results in errors. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 31 of the Complaint.

32. Kioxia denies that the '700 Patent claims a valid invention. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 32 of the Complaint.

33. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Kioxia denies that the '700 Patent claims a valid invention. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 35 of the Complaint.

36. Kioxia admits that the face of the '700 patent lists as inventors Sameep Dave, Russell Fuerst, Mark Kohoot, Jim Keszenheimer, and William H. Thesling.

37. Kioxia admits that the '700 patent issued on December 24, 2013.

38. Kioxia admits that the face of the '700 patent lists ViaSat, Inc., Carlsbad, CA (US) as Assignee.

39. Kioxia denies that the '700 Patent claims a valid invention. Kioxia denies that previous systems did not include parallelized error detection and physically separated error correction from error detection. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 39 of the Complaint.

40. Kioxia denies that the '700 Patent claims a valid invention. Kioxia denies that the '700 patent addresses a specific improvement to the way that electronic devices are structured to detect and correct errors in flash memory or provides enhanced error correction for flash devices. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 40 of the Complaint.

41. Kioxia denies that the '700 Patent claims a valid invention. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 41 of the Complaint.

**KIOXIA'S INFRINGING PRODUCTS**

42. Kioxia denies the allegations of paragraph 42.

43. The Complaint does not include a list specifying what products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 43 of the Complaint.

44. The Complaint does not include a list specifying what products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 44 of the Complaint.

45. The Complaint does not include a list specifying what products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 45 of the Complaint.

46. Kioxia admits the statements made on webpages available at https://www.businesswire.com/news/home/20150810006427/en/Toshiba-Unveils-Three-NVMe-Solid-State-Drive-Families, https://business.kioxia.com/content/dam/kioxia/shared/business/ssd/doc/WhitePaper_eSSD_e_20 1404.pdf, and https://business.kioxia.com/en-jp/ssd/support/product-archive.html. Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 46 of the Complaint.

47. The Complaint does not include a list specifying what products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 47 of the Complaint.

48. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent.

49. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent. Kioxia denies that the operation of the KSG60ZSE256G SSD is materially the same as the other SSDs identified in the Complaint.

50. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent.  Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 50 of the Complaint.

51. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent.  Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 51 of the Complaint.

52. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent.  Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 52 of the Complaint.

## **CLAIM I: INFRINGEMENT OF U.S. PATENT NO. 8,615,700**

53. Kioxia incorporates by reference its responses to the foregoing paragraphs of the Complaint.

54. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent. The Complaint does not include a list specifying what products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 54 of the Complaint.

55. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent. The Complaint does not include a list specifying what products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 55 of the Complaint.

56. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent. The Complaint does not include a list specifying what products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 56 of the Complaint.

57. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent. The Complaint does not include a list specifying what

products are included and excluded from "Accused Products."  Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 57 of the Complaint.

58. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent.

59. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent.  The Complaint does not include a list specifying what products are included and excluded from "Accused Products."  Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 59 of the Complaint.

60. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent.  The Complaint does not include a list specifying what products are included and excluded from "Accused Products."  Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 60 of the Complaint.

61. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent.  The Complaint does not include a list specifying what products are included and excluded from "Accused Products."  Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 61 of the Complaint.

62. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent. The Complaint does not include a list specifying what products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 62 of the Complaint.

63. Kioxia admits that Viasat filed its original complaint in the present action on November 29, 2021, and Kioxia consented to service of the complaint on December 7, 2021. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent. The complaint is unclear as to how "products infringe the Accused Products." The Complaint does not include a list specifying what products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 63 of the Complaint.

64. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent. The Complaint does not include a list specifying what products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 64 of the Complaint.

65. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent. The Complaint does not include a list specifying what

products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 65 of the Complaint.

66. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent. The Complaint does not include a list specifying what products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 66 of the Complaint.

67. Kioxia denies that it has engaged or is engaging in any infringing activities with respect to the '700 Patent in this or any judicial district or that any action by it constitutes an act of patent infringement of the '700 Patent. The Complaint does not include a list specifying what products are included and excluded from "Accused Products." Without knowing what Plaintiff means by "Accused Products," Kioxia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 67 of the Complaint.

## DEMAND FOR A JURY TRIAL

68. Kioxia admits that the Complaint sets forth a demand for a jury trial.

## PLAINTIFFS' PRAYER FOR RELIEF

Kioxia denies the allegations set forth in the Complaint's Prayer for Relief. Kioxia further denies that Plaintiffs are entitled to any relief whatsoever, including any of the relief in paragraphs (A)–(G) of the Complaint's Prayer for Relief. The Complaint's Prayer for Relief should, therefore, be denied in its entirety with prejudice, and Plaintiff should take nothing.

## **DEFENSES**

Kioxia alleges and asserts the following defenses in response to the allegations set forth in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated below.  Kioxia specifically reserves all rights to allege additional defenses and counterclaims that become known through its investigation into Plaintiff's allegations during the course of discovery.

Kioxia incorporates by reference its responses to the allegations in Paragraphs 1–68 of the Complaint as set forth above as if those responses have been fully set forth here.

### **FIRST DEFENSE:  NONINFRINGEMENT**

Kioxia does not infringe and has not infringed directly or indirectly, either literally or under the doctrine of equivalents, willfully or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '700 Patent.

### **SECOND DEFENSE:  INVALIDITY**

The claims of the '700 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 120.

### **THIRD DEFENSE:  ESTOPPEL/WAIVER**

Plaintiff's claims are barred in whole or in part by estoppel and/or waiver.

Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants during the prosecution of the patent applications resulting in the '700 Patent and related applications.

**FOURTH DEFENSE:  LIMITATION ON DAMAGES**

Plaintiffs' claims for alleged damages or costs, if any, against Kioxia for alleged infringement of the '700 Patent, are limited by U.S.C. §§ 286, 287, and/or 288.

Under Section 287, Plaintiff is prohibited from recovering damages for activities alleged to have occurred before Plaintiff provided actual notice of activities alleged to infringe with respect to Kioxia's products or services.  Kioxia cannot be held liable for the acts alleged to have been performed before it received actual notice of Plaintiff's allegations of infringement of the '700 Patent.

On information and belief, Plaintiff's claims are barred, in whole or in part, as a result of failure to mark by Plaintiff or any Plaintiff licensee, or otherwise give proper notice that Kioxia's actions allegedly infringe the '700 Patent.

Plaintiff is barred from recovering costs associated with this action under 35 U.S.C. § 288, and also because Kioxia has not engaged in any conduct that entitles Plaintiff to attorneys' fees or costs.

**FIFTH DEFENSE:  NO WILLFUL INFRINGEMENT**

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284 because Plaintiff has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

Plaintiff cannot show that an award of enhanced damages is appropriate at least because there has been no misconduct, let alone egregious misconduct, by Kioxia.  Kioxia has committed no wrongdoing or infringement, and Plaintiff cannot show any willful infringement occurred.

**SIXTH DEFENSE:  NO ENTITLEMENT TO FEES**

Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Kioxia pursuant to 35 U.S.C. § 285.

## COUNTERCLAIMS

1. Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counter-Plaintiff Kioxia America, Inc. ("KAI") asserts the following Counterclaims against Counter-Defendant Viasat, Inc. ("Viasat").

## PARTIES

2. KAI is a corporation duly organized and existing under the laws of the state of California. Its principal place of business is located at 2610 Orchard Parkway, San Jose, CA 95134.

3. Viasat alleges that it is a corporation duly organized and existing under the laws of the state of Delaware located at 6155 El Camino Real, Carlsbad, CA 92009-1699.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. Viasat is subject to personal jurisdiction in this district at least because Viasat has submitted itself to the jurisdiction of this Court by filing the Complaint in this judicial district.

6. Venue is proper here as to these Counterclaims under 28 U.S.C. §§ 1391 and 1400 at least because Viasat filed the Complaint in this judicial district.

## KAI'S COUNTERCLAIMS
## FOR DECLARATORY JUDGMENT

7. In its Complaint for patent infringement, Viasat alleges that KAI infringes the '700 Patent.

8. As a result of the allegations made by Viasat in its Complaint, which have not been resolved with prejudice or adjudicated on their merits, an actual case or controversy exists between the Viasat and KAI over the non-infringement and invalidity of the '700 Patent.

## First Counterclaim
### (Declaratory Judgment of Non-Infringement of the '700 Patent)

9. KAI incorporates by reference the allegations in paragraphs 1–8 in this Counterclaim as though fully set forth herein.

10. The unresolved and unadjudicated allegations made by Viasat against KAI in its complaint establish an actual case or controversy regarding whether Kioxia infringes the claims of the '700 Patent.

11. KAI does not infringe and has not infringed the claims of the '700 Patent.

12. Pursuant to 28 U.S.C. § 2201, KAI is entitled to declaratory judgment that it does not infringe any claims of the '700 Patent.

## Second Counterclaim
### (Declaratory Judgment of Invalidity of the '700 Patent)

13. KAI incorporates by reference the allegations in paragraphs 1–12 in this Counterclaim as though fully set forth herein.

14. The unresolved and unadjudicated allegations made by Viasat against KAI in its complfaint establish an actual case or controversy regarding whether the '700 Patent is invalid.

15. The asserted claims of the '700 Patent are invalid at least under 35 U.S.C. §§ 101, 102, 103, and/or 112, as explained in KAI's forthcoming invalidity contentions.

16. Pursuant to 28 U.S.C. § 2201, KAI is entitled to declaratory judgment that the '410 Patent is invalid.

## **JURY DEMAND**

Kioxia Corporation and KAI respectfully request a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

Kioxia Corporation and KAI respectfully requests that the Court enter judgment in their favor and grant the following relief:

16

A.   Enter a declaratory judgment that KAI has not infringed and is not infringing any claim of the '700 Patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise.

B.   Enter judgment that all claims of the '700 Patent are invalid.

C.   Award Kioxia Corporation and KAI their attorney's fees and costs pursuant to 35 U.S.C. § 285.

D.   Award Kioxia Corporation and KAI such other further relief as the Court deems just and proper.

Dated: May 13, 2022

Respectfully submitted,

By: */s/ Michael Hawes*
Michael Hawes
Texas State Bar No: 24010761
Telephone: (713) 229-1750
Facsimile: (713) 229-7750
Email: michael.hawes@bakerbotts.com

Robinson Vu
Texas State Bar No: 24047046
Telephone: (713) 229-1715
Facsimile: (713) 229-7815
Email: Robinson.Vu@bakerbotts.com

Michael Silliman
Texas State Bar No: 24093152
Telephone: (713) 229-1464
Facsimile: (713) 229-6164
Email: michael.silliman@bakerbotts.com

Spencer Packard
Texas State Bar No: 24125823
Telephone: (713) 229-1888
Facsimile: (713) 229-7788
Email: spencer.packard@bakerbotts.com

**Baker Botts L.L.P.**
910 Louisiana Street
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT KIOXIA CORPORATION AND DEFENDANT/COUNTERPLAINTIFF KIOXIA AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2022, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ Michael Hawes*
Michael Hawes