**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **VIASAT, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KIOXIA CORPORATION and KIOXIA AMERICA, INC.,**<br><br>**Defendants.** | **Case No. 6:21-cv-01231-ADA**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff Viasat, Inc. responds as follows to the Answer to Plaintiff's First Amended Complaint for Patent Infringement and Counterclaims filed by Defendant Kioxia America, Inc. (KAI). Answers to KAI's specific allegations are contained below in numbered paragraphs that correspond to the numbered paragraphs of KAI's Counterclaims. Viasat denies allegations not expressly admitted in these Answers.

**PARTIES**

2. KAI is a corporation duly organized and existing under the laws of the state of California. Its principal place of business is located at 2610 Orchard Parkway, San Jose, CA 95134.

ANSWER: On information and belief, Viasat admits the allegations in this paragraph.

3. Viasat alleges that it is a corporation duly organized and existing under the laws of the state of Delaware located at 6155 El Camino Real, Carlsbad, CA 92009-1699.

ANSWER: Viasat admits that it is a corporation organized under the laws of Delaware. Viasat admits that its headquarters are at 6155 El Camino Real, Carlsbad, CA 92009-1699.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

ANSWER: Viasat admits that this Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

5. Viasat is subject to personal jurisdiction in this district at least because Viasat has submitted itself to the jurisdiction of this Court by filing the Complaint in this judicial district.

ANSWER: Viasat admits that, for purposes of this case only, the Court can exercise personal jurisdiction over Viasat.

6. Venue is proper here as to these Counterclaims under 28 U.S.C. §§ 1391 and 1400 at least because Viasat filed the Complaint in this judicial district.

ANSWER: Viasat admits that, for purposes of this case only, venue is proper under 28 U.S.C. § 1391. Viasat denies all remaining allegations in this paragraph.

## KAI'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

7. In its Complaint for patent infringement, Viasat alleges that KAI infringes the '700 Patent.

ANSWER: Admitted.

8. As a result of the allegations made by Viasat in its Complaint, which have not been resolved with prejudice or adjudicated on their merits, an actual case or controversy exists between [] Viasat and KAI over the non-infringement and invalidity of the '700 Patent.

ANSWER: This paragraph contains legal conclusions to which no response is necessary. Viasat admits that an actual controversy exists between Viasat and KAI regarding infringement and the validity of the claims of the '700 patent.

### First Counterclaim
### (Declaratory Judgment of Non-Infringement of the '700 Patent)

9. KAI incorporates by reference the allegations in paragraphs 1–8 in this Counterclaim as though fully set forth herein.

ANSWER: Viasat repeats and incorporates by reference its answers to each of the foregoing paragraphs of the Counterclaims.

10. The unresolved and unadjudicated allegations made by Viasat against KAI in its complaint establish an actual case or controversy regarding whether Kioxia infringes the claims of the ’700 Patent.

ANSWER: This paragraph contains legal conclusions to which no response is necessary. Viasat admits that an actual controversy exists between Viasat and KAI regarding infringement of the claims of the ’700 patent.

11. KAI does not infringe and has not infringed the claims of the ’700 Patent.

ANSWER: Denied.

12. Pursuant to 28 U.S.C. § 2201, KAI is entitled to declaratory judgment that it does not infringe any claims of the ’700 Patent.

ANSWER: Denied.

**Second Counterclaim**
**(Declaratory Judgment of Invalidity of the ’700 Patent)**

13. KAI incorporates by reference the allegations in paragraphs 1–12 in this Counterclaim as though fully set forth herein.

ANSWER: Viasat repeats and incorporates by reference its answers to each of the foregoing paragraphs of the Counterclaims.

14. The unresolved and unadjudicated allegations made by Viasat against KAI in its [complaint] establish an actual case or controversy regarding whether the ’700 Patent is invalid.

ANSWER: This paragraph contains legal conclusions to which no response is necessary. Viasat admits that an actual controversy exists between Viasat and KAI regarding the validity of the claims of the ’700 patent.

15. The asserted claims of the ’700 Patent are invalid at least under 35 U.S.C. §§ 101, 102, 103, and/or 112, as explained in KAI’s forthcoming invalidity contentions.

ANSWER: Denied.

16. Pursuant to 28 U.S.C. § 2201, KAI is entitled to declaratory judgment that the ’410 [sic] Patent is invalid.

ANSWER: Denied.

## JURY DEMAND

Viasat admits that the Counterclaims set forth a demand for a jury trial.

## PRAYER FOR RELIEF

The lettered Paragraphs following the heading “PRAYER FOR RELIEF” are requests for relief to which no response is required. To the extent any of these lettered Paragraphs are deemed to contain factual allegations, Viasat denies them and denies that KAI is entitled to any of the relief requested therein or to any relief whatsoever. KAI’s requested relief should be denied in its entirety, with prejudice.

June 3, 2022

Respectfully submitted,

/s/ *Melissa R. Smith*

Melissa R. Smith, State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
melissa@gillamsmithlaw.com

J. Scott McBride (*Pro Hac Vice*)
Matthew R. Ford (*Pro Hac Vice*)
Nevin M. Gewertz (*Pro Hac Vice*)
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
scott.mcbride@bartlitbeck.com
matthew.ford@bartlitbeck.com
nevin.gewertz@bartlitbeck.com

Nosson D. Knobloch (*Pro Hac Vice*)
Meg E. Fasulo (*Pro Hac Vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
nosson.knobloch@bartlitbeck.com
meg.fasulo@bartlitbeck.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on June 3, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing to counsel of record for Defendants.

/s/ *Melissa R. Smith*