IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIASAT, INC., <br>           Plaintiff, <br> v. <br> KIOXIA CORPORATION and KIOXIA AMERICA, INC., <br>           Defendants. | **6:21-CV-01231-ADA** <br><br> **JURY TRIAL DEMANDED** |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration this date is Defendants Kioxia Corporation and Kioxia America, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Northern District of California (the "Motion"). ECF No. 52. Plaintiff Viasat, Inc., filed an opposition on November 10, 2022, ECF No. 68, to which Kioxia Corporation and Kioxia America replied on November 23, 2022. ECF No. 73. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **DENIES** Kioxia Corporation and Kioxia America's Motion to Transfer Venue to the Northern District of California.

**I. BACKGROUND**

Plaintiff Viasat, Inc. ("Viasat") filed this suit accusing Defendants Kioxia Corporation ("KIC") and Kioxia America ("KAI" collectively with KIC, "Kioxia") of infringing U.S. Patent Nos. 8,615,700 (the '700 patent). ECF No. 1 at 2–3. The asserted patent relates to an improved architecture for error correction in flash. *Id.* ¶ 4. Viasat accuses Kioxia of infringing through its use of certain products that implement the patent's error-correction architecture, specifically, Kioxia's NAND-flash-memory-containing products *Id.* ¶ 8. Examples of potentially infringing products include Kioxia's Enterprise SSDs, Data Center SSDs, and Client SSDs. *Id.*

1

## II. LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the [transfer] destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. When analyzing these factors, courts may consider facts arising

after plaintiff filed suit unless there is some suggestion that they arose primarily to affect the transfer analysis. *See Lynk Labs, Inc. v. Home Depot USA, Inc.*, No. 6:21-CV-00097-ADA, 2022 WL 1593366, at *6 (W.D. Tex. May 19, 2022) (explaining how post-complaint facts must be disregarded when considering § 1404(a)'s preliminary question, but not when evaluating convenience); *In re: NetScout Sys., Inc.*, No. 2021-173, 2021 WL 4771756, at *4 (Fed. Cir. Oct. 13, 2021) (disregarding, under the practical-problems factor, later-filed cases in the transferor district).

The weight the Court gives to each of these assorted convenience factors will necessarily vary from case to case. *See Burbank Int'l, Ltd. v. Gulf Consol. Int'l, Inc.*, 441 F. Supp. 819, 821 (N.D. Tex. 1977). A court should not deny transfer where "only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013).

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). The burden that a movant must carry is not that the alternative venue is more convenient, but that it is *clearly* more convenient. *Volkswagen II*, 545 F.3d at 314 n.10. While "clearly more convenient" is not explicitly equivalent to "clear and convincing," the movant "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). The Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show that factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## III. ANALYSIS

Under § 1404, the Court must initially address whether this case could have been brought in the proposed transferee forum. *See Volkswagen I*, 371 F.3d at 203 ("[W]e have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."); *Volkswagen II*, 545 F.3d at 312 ("The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue."). To satisfy § 1404(a)'s preliminary question, the movant must show that venue and jurisdiction would have been proper in the transferee forum when the plaintiff filed suit. *See Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2022 WL 958384, at *5 (W.D. Tex. Mar. 25, 2022). A defendant does not satisfy this burden by merely consenting to jurisdiction in the transferee forum. *See Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S. Ct. 1084, 4 L.Ed.2d 1254 (1960).

Viasat asserts that Kioxia failed to show that this suit could have been brought in the Northern District of California ("NDCA") against KIC. ECF No. 68 at 6. The Court agrees that Kioxia's attempt to answer this threshold question is deficient. For clarity, the Court reproduces the entirety of Kioxia's arguments on personal jurisdiction and venue here. In the Motion to Transfer, Kioxia argues as follows:

> "Venue is proper in NDCA under 28 U.S.C. § 1400(b) because KAI is headquartered in San Jose, California, in NDCA, and [KIC] is a foreign corporation with contacts in the NDCA. Thus, this case could have been brought in NDCA."

ECF No. 52 at 9.

In its Reply brief, Kioxia provides the following additional argument:

> "Viasat does not allege that personal jurisdiction in NDCA is improper for [KAI], and its contention that personal jurisdiction is improper for [KIC] is a non-issue. KIC accepted service in the [WDTX], and WDTX is jurisdictionally equivalent to the [NDCA]. Moreover, KIC did not challenge personal jurisdiction in this District, and any such waiver would apply in NDCA as well."

4

ECF No. 73 at 1.

This is the sum total of what Kioxia provides for the threshold issue under § 1404(a). The Court agrees with Viasat that Kioxia's meager showing of personal jurisdiction in the transferee court as to KIC falls short of what precedent demands.

The Court acknowledges that venue and personal jurisdiction in the transferee forum are established as to KAI because KAI is headquartered in the NDCA. ECF No. 52 at 9. But Kioxia fails to make any attempt to show that the NDCA has personal jurisdiction over KIC, a foreign corporation with its principal place of business in Japan.[1] In the Motion, Kioxia refers generally to KIC's contacts in the NDCA. *Id.* Yet merely claiming that it has "contacts in the NDCA" is not enough, especially considering that the declaration Kioxia cites to in support of this assertion only confirms that KIC is a foreign corporation and that most of its constituents reside in Japan. ECF No. 52-1 ¶ 5. Moreover, Kioxia premises its Motion on the basis that KAI's (and not KIC's) contacts in the NDCA show that the convenience factors favor transfer. It makes no mention of KIC's contacts in the transferee forum, except for its statement that KAI is KIC's U.S. subsidiary. *Id.* at 9.

After Viasat challenges Kioxia's failure to answer the threshold question, Kioxia's argument remains deficient. Kioxia claims that personal jurisdiction "is a non-issue" because waiver of personal jurisdiction would apply in the NDCA. ECF No. 73 at 1. But that does not suffice. Indeed, this statement effectively concedes that jurisdiction would not be proper in the transferee forum. The Supreme Court in *Hoffman* made clear that a defendant does not satisfy the

---

[1] KIC accepted service in this District and waived any argument as to personal jurisdiction because Kioxia failed to move to dismiss for lack of personal jurisdiction in response to the Complaint. Fed. R. Civ. P. 12(h)(1).

burden to show that a transferee district is a proper venue by merely consenting to jurisdiction. *See Hoffman*, 363 U.S. at 342–43 ("We do not think the § 1404(a) phrase 'where it might have been brought' can be interpreted to mean, as petitioners' theory would require, 'where it may now be rebrought, with defendants' consent.'"); *see also Monolithic Power Sys.*, 2022 WL 958384, at *5 ("[Defendant's] conclusory arguments amount merely to waiver of, or consent to, personal jurisdiction in the NDCA. The Supreme Court has deemed such representations incapable of satisfying § 1404(a)'s threshold inquiry." (citing *Hoffman*, 363 U.S. at 343)).

Kioxia cannot, therefore, carry its burden to show that Viasat could have brought this Action in the NDCA. Because this is a threshold issue, the Court need not continue with addressing the public and private interest factors.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants Kioxia Corporation and Kioxia America, Inc.'s Motion to Transfer Venue to the Northern District of California (ECF No. 52) is **DENIED**.

SIGNED this 13th day of December, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE