IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VIASAT, INC.,**<br>　　　　　　　**Plaintiff,**<br><br>v.<br><br>**KIOXIA CORPORATION and KIOXIA, AMERICA, INC.,**<br>　　　　　　　**Defendants.** | 6:21-cv-01231-ADA |

### ORDER STAYING CASE PENDING RESOLUTION TO THE APPEAL OF *INTER PARTES* REVIEW

This order concerns a stay pending the resolution of IPR appeal of the remaining asserted claim in this case. Having sua sponte considered the factors relevant to this case, the Court **ORDERS** this case be **STAYED** until a final decision is reached on the appeal of the IPR ruling for the sole remaining asserted claim.

### I. LEGAL STANDARD

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015); *see also CyWee Grp. Ltd. V. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.).

## II. ANALYSIS

### A.   Undue Prejudice

The Court finds that a stay would inflict undue prejudice upon Viasat for at least the following two reasons.

First, a stay risks the loss of testimonial and documentary evidence potentially valuable to Viasat's case. *See Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay would "create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade"); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) (holding that delay also risks making witnesses harder to find).

Some factors may diminish this risk, like where the requested stay is of a brief and definite duration. That diminishing factor is missing here where the stay extends to the conclusion of the appeals from IPRs. *See Multimedia Content Mgmt. LLC v. Dish Network*, No. 6:18-CV-00207-ADA, 2019 U.S. Dist. LEXIS 236670, at *5 (W.D. Tex. May 30, 2019). However, the order on the appeal is a definite and discernable point at which the stay will be lifted.

The second and primary reason a stay may unduly prejudice Viasat is that Viasat, like all patentees, has an interest in the timely enforcement of its patent rights. *See Kirsch Research & Dev., LLC v. Tarco Specialty Products, Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021) (citing *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015)). The Federal Circuit has long held that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *see also United States ex rel.*

*Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008) ("[T]he compensation and remedy due a civil plaintiff should not be delayed." (quoting *Gordon v. FDIC*, 427 F.2d 578, 580 (D.C. Cir. 1970))). Congress has recognized as much, establishing the PTAB as a forum for the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). The impact of this interest is diminished here because a stay "would merely delay Plaintiff's potential monetary recovery."[1] *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021).

Given the foregoing, this factor slightly weighs against granting a stay.

### B.    Stage of the Proceedings

The advanced stage of this Action counsels against a stay. "[I]f protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 595 (2014). This case is no longer in its early stages. Trial was set to begin with weeks of this motion. The Court and both parties have expended significant resources getting to this point and remain prepared to usher this Action to trial.

Given the stage of this case, this factor weighs against granting a stay.

### C.    Simplification of Issues

Finally, the Court considers whether a stay will simplify the issues in this Action. This is the "most important factor" in the stay analysis. *Tarco*, 2021 WL 4555804, at *3 (citing *NFC Tech.*, 2015 WL 1069111, at *4). Under this factor, the Court will typically weigh: the scope of estoppel the movant is bound by; and the strength of the relevant IPR petition in the context of the

---

[1] To be clear, seeking only monetary relief does not mean that a stay would not prejudice a plaintiff.

asserted claims. Further, it is undoubtedly true that an appeal finding the only remaining claim being found unpatentable would dispose of this Action. *See Tarco*, 2021 WL 4555804, at *3.

1. <u>Scope of Estoppel</u>

Section 315(e) of Title 35 subjects IPR petitioners to estoppel if the PTAB finds the claims invalid similar to plaintiff's other claims that were brought before the PTAB. Plaintiff would be estopped from asserting in district court that the claims subjected to appeal are invalid over the obviousness combinations instituted upon *and* any grounds plaintiff reasonably could have asserted against those claims in its IPR petitions. *See Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022). This is a broad estoppel.

2. <u>Strength of IPR Appeal</u>

The degree to which this Action will be simplified is a function of not just the scope of estoppel, but also how many asserted claims would survive should the asserted claim be invalidated on appeal. Once the IPR reaches a final decision on the appeal, there are only two outcomes relevant for our purposes: the asserted claim is invalidated; the asserted claim survives.

To better gauge what outcome to expect and therefore what degree of simplification to expect from a stay, the Court looks to the relevant institution decision. For this factor to favor granting a stay, the movant "must show more than a successful petition, they must show that the PTAB is likely to invalidate every asserted claim." *Tarco*, 2021 WL 4555804, at *3 (quoting *Scorpcast v. Boutique Media*, No. 2:20-cv-00193-JRG-RSP, 2021 WL 3514751, at *3 (E.D. Tex. June 7, 2021)). As only one asserted claim remains, a ruling reversing their decision would accomplish exactly that.

Given that the appeal covers the only remaining asserted claim, this factor weighs heavily in favor of granting a stay.

## III. CONCLUSION

The Court finds that, in this case, the simplification-of-issues factor overwhelms the other factors. Though this case is in an advanced stage, the invalidation of the other asserted claims and the fact that only one remaining claim sits on appeal is guiding. The Court finds that, given the number of similar claims found invalid by the PTAB, there is a reasonable likelihood that the PTAB will find the asserted claim unpatentable. The risk that continued litigation of this Action will be wasteful dominates the strong and well understood concerns that a stay will prejudice Viasat.

For the foregoing reasons, the Court will exercise its discretion to stay this case pending the resolution of the IPR appeal. It is therefore **ORDERED** that the above-captioned matter is **STAYED** pending final resolution of those proceedings.

Until the stay is lifted, Viasat is instructed to enter a notice onto the docket when an order issues from the appeal.

SIGNED this 17th day of October, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE