IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VIASAT, INC.,** | |
| **Plaintiff,** | |
| **vs.** | **Case No.:  6:21-cv-01231-ADA** |
| **KIOXIA CORPORATION and KIOXIA AMERICA, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## <u>VIASAT'S MOTION FOR RECONSIDERATION</u>

## TABLE OF CONTENTS

I.     ARGUMENT .............................................................................................................2

       A.     Kioxia Has Not Requested Reversal Of The PTAB's Decision ...........................2

       B.     Kioxia Is Unlikely To Prevail In Its Appeal Concerning An IPR In Which
              The Board Found Every Challenged Claim Patentable ........................................5

       C.     Viasat Can Proceed To Trial On Claims 6 And 16...................................................8

II.    CONCLUSION........................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Austin v. Kroger Texas, L.P.*,
    864 F.3d 326 (5th Cir. 2017) ..................................................................... 1

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    No. CV 18-452-WCB, 2020 WL 6270776 (D. Del. Oct. 26, 2020) ........................................ 3

*LSI Corp. v. Regents of Univ. of Minnesota*,
    43 F.4th 1349 (Fed. Cir. 2022) .................................................................. 7

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
    No. 6:20-CV-00876-ADA, 2022 WL 958384 (W.D. Tex. Mar. 25, 2022) ............................... 1

*Neonode Smartphone LLC v. Samsung Elecs. Co.*,
    No. 6:20-CV-00507-ADA, 2023 WL 11915742 (W.D. Tex. Mar. 22, 2023) ...................... 2, 3

*Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*,
    No. 6:11CV492, 2015 WL 11439060 (E.D. Tex. Jan. 5, 2015) ................................. 7

*Oyster Optics, LLC v. Ciena Corp.*,
    No. 17-CV-05920-JSW, 2019 WL 4729468 (N.D. Cal. Sept. 23, 2019) .................................. 4

*Pers. Audio LLC v. Google, Inc.*,
    230 F. Supp. 3d 623 (E.D. Tex. 2017) ......................................................... 4

*Realtime Data LLC v. Hewlett Packard Enter. Co.*,
    No. 6:16-CV-00086-RWS, 2018 WL 3608544 (E.D. Tex. July 27, 2018) ............................... 4

*UNM Rainforest Innovations v. D-Link Corp.*,
    No. 6:20-CV-00143-ADA, 2023 WL 2706748 (W.D. Tex. Mar. 29, 2023) ........................... 6

**Statutes**

35 U.S.C. § 315 ........................................................................................ 4

**Rules**

Fed. R. Civ. P. 54 ..................................................................................... 1

Viasat requests that the Court reconsider its decision to stay this case during the pendency of Kioxia's IPR appeal. In filing this motion, Viasat wishes to highlight two pieces of information about the IPR appeal that were not previously before the Court. First, Kioxia has not requested reversal of the PTAB's decision—it requested remand. That means that Kioxia's appeal will not immediately result in one of the two outcomes the Court predicted—either "the asserted claim is invalidated" or "the asserted claim survives." D.I. 242 at 4. Instead, the claim will either survive, meaning that Viasat's day in this Court was unnecessarily delayed, or the Federal Circuit will remand for more proceedings, delaying Viasat's opportunity to take this case to trial before a jury even longer. Neither is a just result. And second, Kioxia's appeal is not only weak, it is unlikely to impact the district court proceedings in any way that might simplify the case. The appeal concerns an IPR decision that found *all* the challenged claims *patentable*.[1] Even then, the appeal is a narrow one with little to no potential to disturb the PTAB's finding that claim 16 is patentable—it is limited to construction of a term that *does not* appear in claim 16.

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)) (alterations in original). "In accordance with this Rule, courts may reconsider and reverse prior decisions 'even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2022 WL 958384, at *2 (W.D. Tex. Mar. 25, 2022).

---

[1] The PTAB found six claims unpatentable in a separate IPR based on different prior art references and different obviousness combinations than Kioxia put forth in its IPR.

Reconsideration is warranted here, and Viasat asks that the Court lift the stay and set a new trial date.

## I.    ARGUMENT

In the days leading up to trial, Viasat opted to focus the scheduled trial on claim 16 of the '700 patent. Shortly after, the Court *sua sponte* stayed the case because claim 16 is part of an appeal from an IPR decision. While the Court correctly found that "a stay would inflict undue prejudice upon Viasat" and that "[t]he advanced stage of this Action counsels against a stay," the Court nevertheless ordered a stay based on the simplification factor. D.I. 242 at 2-3. While simplification of the issues may be an important factor, it "weighs less heavily in favor of a stay after the PTAB has issued its decision, both as a general matter and in th[is] case[] in particular." *Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-CV-00507-ADA, 2023 WL 11915742, at *4 (W.D. Tex. Mar. 22, 2023).

In particular, the Court's analysis of the simplification factor mistakenly assumed that Kioxia has requested reversal of the PTAB's decision, when it has not, and overweighted the possibility of the Federal Circuit not affirming. As this Court has said, "'the mere possibility' that the Federal Circuit might reverse the PTAB's decision in those IPRs 'is too speculative to be given much weight.'" *Id.* at *4.

### A.    Kioxia Has Not Requested Reversal Of The PTAB's Decision

The Court's explanation of why a stay is appropriate here appears to be premised in part on the belief that Kioxia has asked for reversal of the PTAB's decision. D.I. 242 at 4. For example, the Court suggested that "the asserted claim [could] be invalidated on appeal." *Id.* And the Court indicated that "there are only two outcomes relevant for our purposes: the asserted claim is invalidated; the asserted claim survives." *Id.*

But Kioxia has not asked the Federal Circuit to reverse the PTAB's decision. Instead, Kioxia has requested that the Federal Circuit "vacate the Board's final written decision and remand for further proceedings." Ex. 1, Kioxia Opening Br. at 4; *see also id.* at 18 ("This Court should vacate the Board's determination . . . and remand for further proceedings."), 29 ("Kioxia respectfully requests that this Court vacate the Board's determination that the challenged claims of the '700 Patent were not shown to be unpatentable and remand for further proceedings.").

Therefore, the two possible outcomes here are not what the Court contemplated—that the claim survives or it is invalidated. The outcomes are instead: the asserted claim survives because the PTAB's decision is affirmed or the case is remanded for further proceedings. That is, if Kioxia were to prevail on its appeal, this appeal would not fully and finally resolve the validity of claim 16. More proceedings at the PTAB would commence instead. *See Neonode Smartphone*, No. 6:20-CV-00507-ADA, 2023 WL 11915742, at *3 ("The prejudice to Neonode would be compounded by the fact that it would have no definite duration. The parties' appeals to the Federal Circuit are not constrained by statutory deadlines. Also, if the Federal Circuit were to vacate one or more of the FWDs and send them back to the PTAB for further proceedings, that could result in yet more delay. This disfavors reimposition of a stay.").

In cases in which a stay is granted pending an IPR decision, this potential for "yet more delay" weighs strongly against a continued stay during an appeal. *Id.* "[T]he case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay."[2] *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2020 WL 6270776, at *4 (D. Del. Oct. 26, 2020) (Bryson, J.) (collecting cases); *see also*

---

[2] Even on the facts as the Court previously understood them, Viasat respectfully submits that this case law suggests that the simplification factor should not outweigh the other factors. *See, e.g.*, *Neonode*, 2023 WL 11915742, at *4.

*id.* at *6 ("most courts faced with the same issue have employed similar analysis and have rejected motions to extend stays pending Federal Circuit review after some or all of the asserted claims have survived invalidity challenges in IPR proceedings"); *Oyster Optics, LLC v. Ciena Corp.*, No. 17-CV-05920-JSW, 2019 WL 4729468, at *4 (N.D. Cal. Sept. 23, 2019) ("[T]he PTAB must complete an IPR by a statutorily-imposed deadline. . . . The Federal Circuit, however, has no such deadline."); *Realtime Data LLC v. Hewlett Packard Enter. Co.*, No. 6:16-CV-00086-RWS, 2018 WL 3608544, at *3 (E.D. Tex. July 27, 2018) (lifting stay following final written decision finding claims patentable because "the significance of simplification from PTAB proceedings has been realized and any further simplification from an appeal is merely speculative and would only cause further delay"); *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 629 (E.D. Tex. 2017) ("Even if the result of further appeals does affect the issues litigated here, 'the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold.'"). The same should be true here.

The Court also considered simplification arising from the scope of estoppel. D.I. 242 at 4. However, it is Defendant Kioxia, not Plaintiff Viasat, that is subject to estoppel under § 315(e), and that estoppel has already attached because a final written decision was issued in November 2023. Kioxia has limited its invalidity defenses accordingly. Therefore, nothing about the scope of estoppel at a future trial will be changed or simplified as a result of the appeal.

In these circumstances, the appeal does not clearly simplify the issues. The pending appeal may not conclusively determine the validity of claim 16. In the unlikely event that Kioxia prevails in its appeal, the fate of claim 16 could go unresolved for years. This factor weighs against a stay.

**B.      Kioxia Is Unlikely To Prevail In Its Appeal Concerning An IPR In Which The Board Found Every Challenged Claim Patentable**

The Court also "look[ed] to the relevant institution decision" to "gauge what outcome to expect" in the appeal. But Viasat respectfully submits that the institution decision is irrelevant at this point. The PTAB has issued its final written decision. Kioxia lost on every claim and every ground it challenged before the PTAB. That alone weighs against a stay. And here, Kioxia's appeal is unlikely to be successful on the merits. Kioxia's narrow appeal gives the Federal Circuit no basis to overturn the PTAB's determination that claim 16 is valid.

Two different IPRs were instituted against the '700 patent, and those IPRs resulted in different findings from the PTAB. One was initiated by Western Digital. In that IPR, seven claims (out of the '700 patent's 25 claims) were challenged based on three prior art references (Wu, Jo, and Wan). Ultimately, the Board found that Wu anticipated claims 1, 4, 8, 15, 17, and 19 but rejected Western Digital's obviousness arguments for those claims and claim 2. Western Digital appealed that decision and later voluntarily withdrew its appeal. That IPR decision is final, resulting in the IPR certificate present in DX667. Ex. 2.

Kioxia filed a separate IPR, challenging a different subset of claims (claims 1-4, 8, 10-19, and 23-25) and using different prior art and obviousness combinations (Lee, Yamaga, Jo, and Kim). Although the PTAB instituted the IPR, it expressed significant doubt that Kioxia would be able to meet its burden to prove the unpatentability of many claims. *See, e.g.*, Ex. 3, Institution Decision at 23-24, 30, 39. After full briefing, expert discovery, and a hearing, the PTAB determined that ***no challenged claim*** was unpatentable. The PTAB disagreed with Kioxia's positions across the board and rejected seven different grounds of unpatentability. Ex. 4, Final Written Decision at 58.

Kioxia appealed that decision in January 2024. Kioxia's appeal is far narrower than its original petition—it concerns only a subset of the upheld claims and only two of the grounds the PTAB rejected. And critically, Kioxia's appeal does not challenge any of the factual findings made by the PTAB. Rather, Kioxia's appeal is limited to arguing that the PTAB adopted an incorrect construction of the term "decode the received encoded data." *See* Ex. 1, Kioxia Opening Br. at 20.

Appeals from PTAB decisions are a longshot. Last year, the Federal Circuit affirmed more than 83% of decisions appealed from the PTAB. Ex. 5; *see also UNM Rainforest Innovations v. D-Link Corp.*, No. 6:20-CV-00143-ADA, 2023 WL 2706748, at *4 (W.D. Tex. Mar. 29, 2023) ("It is speculative whether the Federal Circuit's decision will simplify the issues in this case because records show that the Federal Circuit issues a 'full affirmance in more than 75% of appeals from the PTAB.'"). But here, affirmance is even more likely.

First, the claim term at issue here—"decode the received encoded data"—was construed by both this Court and the PTAB. Both agreed that the plain and ordinary meaning of this term applies. D.I. 83 at 3; Ex. 4, Final Written Decision at 14. In the IPR, the parties' key dispute centered on whether the plain and ordinary meaning of "decode" included merely buffering. The PTAB concluded it did not, based on pages and pages of evidence and analysis. Ex. 4, Final Written Decision at 12-17. So did Kioxia's own expert. *Id.* at 14 (citing Kioxia's expert who testified "aside from the '700 patent, what a person of ordinary skill would understand decode to mean, it would not be just buffering. Decoding might include buffering, but buffering by itself would not be considered decoding to a person of ordinary skill."). And so did Kioxia in its claim construction briefing to this Court. D.I. 49 at 3 (Kioxia agreeing that data that was "simply []re-routed [or] *buffered*" would "not be decoded at all" (emphasis added)).

Kioxia's appeal for claim 16 is even less sound. Claim 15, the independent claim from which claim 16 depends, does not even include the claim term "decode the received encoded data." *See* Ex. 6, PTAB Hearing Transcript at 17:8-11 (Kioxia counsel arguing claims 15 and 17 "*don't include the decode limitation* that we're discussing and, therefore, don't include the Board's initial construction" (emphasis added)); Ex. 3, Institution Decision at 24 ("Claim 15 differs from claim 1 in that claim 15 *does not recite* the phrase, 'decode the received encoded data,' for which we provide a preliminary construction." (emphasis added)). The construction of that term simply *does not matter* for claim 16. So the central issue Kioxia has raised in its appeal—the construction of "decode the received encoded data"—will have zero impact on the PTAB's conclusion that claim 16 is valid.

In any event, there is a separate limitation ("from flash memory") that the PTAB found lacking in Kioxia's petition. Ex. 4, Final Written Decision at 30-31. Kioxia did not appeal that part of the PTAB's decision, which is an independent basis for affirmance. *LSI Corp. v. Regents of Univ. of Minnesota*, 43 F.4th 1349, 1355 (Fed. Cir. 2022) ("the Board's timeliness holding constitutes an independent ground for its decision").

From top to bottom, Kioxia's appeal is unlikely to move the needle, especially with respect to claim 16. Kioxia challenges construction of a term that is not part of claim 16, and does not challenge other grounds that independently support affirmance. The weakness of Kioxia's IPR appeal weighs against a stay. *See Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11CV492, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015) ("Thus, at this stage [after a final written decision], the mere possibility (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated or amended on appeal and then result in simplification is too speculative to be given much weight.").

### C.     Viasat Can Proceed To Trial On Claims 6 And 16

The Court's decision appears to turn in part on Viasat's decision to narrow the asserted claims before trial. Viasat opted to drop claims 6 and 13 less than a week before the Court's stay decision, based on expediency alone. However, claim 6 was not challenged in either IPR and is not the subject of any appeal.[3] If doing so would avoid the extended delay that the Court's stay order contemplates, Viasat is willing to proceed to trial now on claims 6 and 16.

## II.     CONCLUSION

For the foregoing reasons, Viasat requests that the Court reconsider the stay of this case and set a new trial date at the Court's earliest convenience.

---

[3] Viasat's decision to proceed to trial on claim 16 alone further underlines the weakness of Kioxia's appeal. Viasat could have proceeded to trial instead on a claim that is not subject to this appeal. Viasat's willingness to proceed to trial only on claim 16 instead demonstrates its confidence that it will prevail in the pending appeal.

8

October 23, 2024

Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith, State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
melissa@gillamsmithlaw.com

J. Scott McBride (*Pro Hac Vice*)
Matthew R. Ford (*Pro Hac Vice*)
Nevin M. Gewertz (*Pro Hac Vice*)
Meg E. Fasulo (*Pro Hac Vice*)
Jessica Bernhardt (*Pro Hac Vice*)
Ravi Shah (*Pro Hac Vice*)
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
scott.mcbride@bartlitbeck.com
matthew.ford@bartlitbeck.com
nevin.gewertz@bartlitbeck.com
meg.fasulo@bartlitbeck.com
jessica.bernhardt@bartlitbeck.com
ravi.shah@bartlitbeck.com

Nosson D. Knobloch (*Pro Hac Vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
nosson.knobloch@bartlitbeck.com

*Counsel for Plaintiff Viasat, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing to counsel of record for Defendants.

/s/ *Melissa R. Smith*