IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

VIASAT, INC.,

      Plaintiff,

vs.

KIOXIA CORPORATION and KIOXIA
AMERICA, INC.,

      Defendants.

Case No.:  6:21-cv-01231-ADA

**DEFENDANTS' RESPONSE TO**
**VIASAT'S MOTION FOR RECONSIDERATION**

**TABLE OF CONTENTS**

                                                                            **Page**

I.      ARGUMENT ................................................................................................. 1

        A.      The Court Analyzed the Stay Factors .................................................. 1

        B.      Kioxia's Appeal Does Seek the Reversal of the PTAB Decision ........................... 2

        C.      Kioxia's Appeal is Strong ......................................................................... 3

        D.      Claim 16 is the Only Remaining Claim in This Case ............................................. 5

II.     CONCLUSION ............................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Red River Waterway Comm'n*,
231 F.3d 211 (5th Cir. 2000) ....................................................................................................1

*Arista Networks, Inc. v. Cisco Sys., Inc.*,
908 F.3d 792 (Fed. Cir. 2018)....................................................................................................3

*DoDots Licensing Sols. LLC v. Apple Inc.*,
No. 22-cv-00533-ADA, 2023 WL 11916813 (W.D. Tex. July 20, 2023)................................1

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)....................................................................................................................1

*Owens Corning v. Fast Felt Corp.*,
873 F.3d 896 (Fed. Cir. 2017)....................................................................................................5

*Tennant Co. v. Oxygenator Water Techs., Inc.*,
No. 2022-2304, 2024 WL 3507694 (Fed. Cir. July 23, 2024)...................................................3

*VLSI Tech. LLC v. Intel Corp.*,
53 F.4th 646 (Fed. Cir. 2022) ....................................................................................................3

Kioxia respectfully requests that the Court deny Viasat's Motion for Reconsideration.  The Court conducted a careful review of the stay factors and was correct in its decision to stay this case.  Nothing in Viasat's motion changes the most important facts relevant to the Court's order staying this case.  Only one dependent claim remains, and the validity of that claim is at issue before the Federal Circuit.

## I.     ARGUMENT

A trial court has broad discretion to stay an action against a party to promote judicial economy.  *DoDots Licensing Sols. LLC v. Apple Inc*., No. 22-cv-00533-ADA, 2023 WL 11916813, at *1 (W.D. Tex. July 20, 2023) (citing *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254−55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")).  After Viasat made a strategic choice to drop all other claims and only assert dependent claim 16, the Court exercised its discretion and stayed the case pending the Federal Circuit's review of the validity of claim 16.  The Court's stay of this case pending the Federal Circuit's review of claim 16 was a sound exercise of this Court's discretion to manage this case, and there is no reason for the Court to revisit or reverse its decision.

### A.     The Court Analyzed the Stay Factors

In its order, the Court addressed each of the stay factors and held that the simplification-of-issues factors outweighed the other stay factors.  The Court held that only a single dependent asserted claim remains in the case, that the scope of any estoppel would be broad, and that "an appeal finding the only remaining claim being found unpatentable would dispose of this Action."  ECF No. 242 at 4.  Nothing in Viasat's motion for reconsideration affects or in any manner changes any of these outcomes in the Court's analysis.

1

The relevant factual considerations are all the same.  Only a single dependent claim remains in this case.  The validity of that claim is at issue in an appeal currently pending before the Federal Circuit.  If the Federal Circuit reverses the validity finding on claim 16, this case is over, and an expensive trial will be unnecessary.  Moreover, the root of Viasat's complaints is money.  In one of its two e-mails to the Court on October 21, Viasat complained that "Viasat will lose hundreds of thousands of dollars of its multi-million-dollar investment in this case" due to a stay.  Viasat and Kioxia are not and have never been competitors.  This case is only about an attempt by Viasat to recover money damages on its "investment."  But, if the Federal Circuit determines that claim 16 is invalid, the parties will have saved significant resources in not proceeding to trial on an invalid claim.  And, if Viasat later prevails at trial on claim 16, the federal damages scheme allows for Viasat to establish entitlement to interest.  As this Court has already held, there is no sound reason to move forward with a trial when the validity of the only remaining asserted claim is at issue at the Federal Circuit.

### B.      Kioxia's Appeal Does Seek the Reversal of the PTAB Decision

Viasat's entire motion is premised on a misstatement from Viasat.  At the top of page 3, Viasat states that "Kioxia has not asked the Federal Circuit to reverse the PTAB's decision."  *This statement is flat wrong.*  On five different occasions in its opening brief, Kioxia expressly asks the Federal Circuit to reverse the PTAB's decision:

1.  "Therefore, the Board's construction that excluded such an implementation was legally improper and should be **<u>reversed</u>**."  ECF No. 243-1 ("Appeal Brief") at 20.

2.  "For these reasons, the Board's construction should be **<u>reversed</u>**."  *Id.* at 25.

3.  "For this reason, Lee discloses claim 15's decoder and the Board should be **<u>reversed</u>**."  *Id.* at 27.

4. "For this reason, Lee discloses claim 17's 'receiving encoded data from a flash memory comprising a plurality of data streams and the Board should be **reversed**." *Id.* at 28.

5. "Because the Board's conclusion is based on an erroneous claim construction and interpretation, the Board should be **reversed**." *Id.* at 29.

In its motion, Viasat points to passages in Kioxia's opening brief that include the word "remand" as though this is incompatible with reversal. However, having a remand from the reversal of a Board decision is nothing unusual. *See, e.g., VLSI Tech. LLC v. Intel Corp.*, 53 F.4th 646, 651 (Fed. Cir. 2022) ("Second, VLSI argues that the Board erred in construing the phrase 'used for electrical interconnection' in claim 20 to encompass a metallic structure that is not connected to active circuitry . . . . we *reverse and remand* with respect to the second.") (emphasis added); *Tennant Co. v. Oxygenator Water Techs., Inc.*, No. 2022-2304, 2024 WL 3507694, at *1 (Fed. Cir. July 23, 2024) ("Tennant Co. ('Tennant') appeals from a decision of the Patent and Trial Appeal Board . . . . we reverse and remand"); *Arista Networks, Inc. v. Cisco Sys., Inc.*, 908 F.3d 792, 793 (Fed. Cir. 2018) ("Arista Networks, Inc. ('Arista') petitioned for an inter partes review . . . . we reverse and remand as to Arista's appeal"). Thus, it is understandable that Kioxia's opening brief includes the word "remand" to describe the various administrative tasks that the PTAB must perform following reversal by the Federal Circuit. As just one example, only the PTAB can prepare the Inter Partes Review certificate cancelling a claim following reversal by the Federal Circuit. In sum, Kioxia has requested that the Federal Circuit reverse the PTAB decision as to claim 16. Viasat's entire motion for reconsideration is based on a misstatement and can be denied for this reason alone.

## C.    Kioxia's Appeal is Strong

Much of Viasat's motion is directed to Viasat's view of the merits of Kioxia's appeal. In effect, Viasat is handicapping the appeal and asking the Court to take Viasat's word for it when it

comes to the outcome at the Federal Circuit.  But the Court is already aware of the most important facts concerning claim 16 and the appeal.  When this Court issued its stay order, this Court was already aware that the Federal Circuit would hear Kioxia's appeal.  This Court was also aware that the PTAB had determined that several of the claims of the '700 patent were invalid and that Viasat had chosen not to appeal those claims, resulting in the Patent Office cancelling those claims.  This Court was already aware that claim 16 was the only remaining asserted claim and that the Federal Circuit would address the validity of claim 16.  On these facts alone, the Court had an ample basis to understand that Kioxia's appeal, at a minimum, has merit, and none of the facts have changed since the Court's stay order.

But, far from simply having merit, Kioxia's appeal as to claim 16 is compelling.  Kioxia's appeal challenges the PTAB's construction of the term "decoder" in independent claim 15, and the PTAB's application of that erroneous construction to the prior art.  Appeal Brief at 2.  Claim construction is an issue of law that the Federal Circuit reviews *de novo*, and the Board's construction of "decoder" was the basis for the Board's decision as to claim 16.[1]  The Board's construction excluded "buffering" from the scope of the "decoder."  But the exclusion of

---

[1]   "Our analysis focuses on claim element [15c], which recites 'a decoder, communicatively coupled with the flash memory, and configured to: retrieve the encoded data from flash memory to generate a plurality of data streams.'"  ECF No. 243-4 (IPR 2022-01067 Final Written Decision) at 29.  "Petitioner argues that, even if the claims require that the decoder retrieve data directly from flash memory, 'a POSITA would have understood Lee's page buffer to be included in the 'decoder' of Claim 15.' . . . .  Petitioner's argument is premised on equating Lee's page buffer with the decoding module of the '700 Patent, a proposition we do not accept for the reasons discussed above for claim 1. *See* Pet. Reply 12 (arguing that "Lee's page buffer ('decoding module') would be understood to be part of the 'decoder'")."  *Id.* at 31. "Petitioner's arguments and evidence for dependent claims 3, 10–12, 16, 18, and 23–25 (Pet. 39–49) do not remedy the deficiencies in Petitioner's challenge to independent claims 1, 15, and 17.  Accordingly, Petitioner does not show unpatentability of dependent claims 3, 10–12, 16, 18, and 23–25 for the same reasons as discussed above for claims 1 and 17."  *Id.* at 42.

"buffering" from the scope of the decoder is error, and the case for reversal is strong. For example, the preferred embodiments of the '700 patent include buffering as part of the function of a decoder. "The decoder module processor may buffer, de-interleave, or perform certain aspects of the decoding process, an [sic] thereby generate decoded (or partially decoded) data streams." Ex. A ('700 patent) at 6:46–50. Thus, Kioxia's appeal concerns a claim construction issue that the Federal Circuit will review *de novo*.

Once the Federal Circuit corrects the construction of "decoder," the Federal Circuit has authority to reverse the decision of the PTAB on the basis of the correct construction of decoder. *See, e.g.*, *Owens Corning v. Fast Felt Corp.*, 873 F.3d 896, 898 (Fed. Cir. 2017) ("[Appellant] contends that, once the key claim term is given its broadest reasonable interpretation, the record conclusively establishes obviousness. We agree, and we reverse the Board's decision."). In *Owens Corning*, after the Federal Circuit corrected the Board's overly narrow construction, the Board reversed the finding that the claim was not obvious. Kioxia's appeal has the same procedural posture as the appeal in *Owens Corning*, and the Federal Circuit may reach the same result after correcting the Board's overly narrow construction of "decoder."

### D.    Claim 16 is the Only Remaining Claim in This Case

Viasat has dropped all of its claims but claim 16. This was Viasat's choice. This choice was highly strategic on Viasat's part, and Viasat's suggestion that it was based "on expediency alone" is not credible. When Viasat issued its second round of experts reports in August, Viasat narrowed it case to claims 6 (depending from claims 1 and 4), 13 (depending from claim 1), and 16 (depending from claim 15). Kioxia renewed its motion to exclude Kioxia's apportionment expert, Mr. Doller, and deposed Mr. Doller, who testified at length in September about the importance of claim 6. But, as part of Kioxia's motion, Kioxia showed that Viasat previously attributed all of its damages to claim 4, but made no adjustment to its damages case after the Patent

Office cancelled claim 4 (and despite the fact that claim 6 depended directly from claim 4). When Viasat was confronted with this immutable fact concerning claims 4 and 6, Viasat quickly dropped claims 6 and 13 and retreated to claim 16, which Viasat likely believed was the claim most likely to survive Kioxia's renewed motion to exclude Mr. Doller. This was all Viasat's choice and was a direct consequence of Viasat's strategic decision to pursue an exceptionally aggressive and (still) flawed damages case that did not follow the Court's instruction to apportion the asserted dependent claims from the cancelled base claims. Viasat's new and half-hearted suggestion that Viasat can somehow put dropped claim 6 back into the case for the sake of a reconsideration motion is futile at best and can be disregarded as a desperate attempt to find some basis for proceeding to trial.

## II.     CONCLUSION

For the foregoing reasons, Kioxia respectfully requests that Viasat's motion for reconsideration be denied. Viasat's motion and e-mails to the Court represent three attempts to change the Court's mind on the stay and add no new information that would support the reversal of this Court's stay order.

Dated: October 30, 2024        Respectfully submitted,

*/s/ Roger Fulghum*
Roger Fulghum
Texas State Bar No. 00790724
Michael Hawes
Texas State Bar No: 24010761
Robinson Vu
Texas State Bar No: 24047046
Elizabeth D. Flannery
Texas State Bar No. 24045815
Michael Silliman
Texas State Bar No: 24093152
Baker Botts L.L.P.
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1234
Email: michael.hawes@bakerbotts.com
Email: robinson.vu@bakerbotts.com
Email: roger.fulghum@bakerbotts.com
Email: liz.flannery@bakerbotts.com
Email: michael.silliman@bakerbotts.com

Nolan McQueen
Texas State Bar No. 24125322
Baker Botts L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
Telephone: (214) 953-6525
Email: nolan.mcqueen@bakerbotts.com

Lute Yang (pro hac vice)
California State Bar No: 341813
Baker Botts L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Email: lute.yang@bakerbotts.com

7

Mark D. Siegmund
Cherry Johnson Siegmund James PLLC
7901 Fish Pond Road, Second Floor
Waco, TX  76710
Telephone: (254) 732-2242
Email: msiegmund@cjsjlaw.com

Attorneys for Defendants
Kioxia Corporation and Kioxia America, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that, on October 30, 2024, a true and correct copy of the foregoing was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system

<u>*/s/  Michael Hawes*    </u>
Michael Hawes