# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| VIASAT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KIOXIA CORPORATION and KIOXIA AMERICA, INC., <br><br> Defendants. | Case No.: 6:21-cv-01231-ADA <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

**TABLE OF CONTENTS**

I. ARGUMENT ................................................................................................................2

    A. If The Federal Circuit "Reverses" The Challenged Construction, Remand For Additional Proceedings Would Be Necessary ..................................................2

    B. Kioxia's Appeal Is Unlikely To Succeed ................................................................3

    C. Viasat's Decision To Drop Claim 6 Was Not Driven By Kioxia's *Daubert* ...........5

II. CONCLUSION .............................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Arista Networks, Inc. v. Cisco Sys., Inc.*,
  908 F.3d 792 (Fed. Cir. 2018) ............................................................................................... 2

*Hill-Rom Servs., Inc. v. Matal*,
  716 F. App'x 996 (Fed. Cir. 2017) ........................................................................................ 3

*Mittal Steel Point Lisas Ltd. v. United States*,
  542 F.3d 867 (Fed. Cir. 2008) ............................................................................................... 3

*Neonode Smartphone LLC v. Samsung Elecs. Co.*,
  No. 6:20-CV-00507-ADA, 2023 WL 11915742 (W.D. Tex. Mar. 22, 2023) ........................ 1

*Owens Corning v. Fast Felt Corp.*,
  873 F.3d 896 (Fed. Cir. 2017) ............................................................................................... 3

*Tennant Co. v. Oxygenator Water Techs., Inc.*,
  No. 2022-2304, 2024 WL 3507694 (Fed. Cir. July 23, 2024) ............................................... 2

*UNM Rainforest Innovations v. D-Link Corp.*,
  No. 6:20-CV-00143-ADA, 2023 WL 2706748 (W.D. Tex. Mar. 29, 2023) .......................... 1

*VLSI Tech. LLC v. Intel Corp.*,
  53 F.4th 646 (Fed. Cir. 2022) ................................................................................................ 2

To delay its day of reckoning, Kioxia's opposition to Viasat's motion for reconsideration misstates the nature of its pending appeal. Kioxia has requested reversal of the PTAB's **claim construction**; Kioxia has not requested that the Federal Circuit reverse the PTAB's finding that **claim 16 is patentable**. On the slim chance that Kioxia were to prevail in its appeal, the result would be further proceedings at the PTAB to decide the validity of claim 16 on a different claim construction. Not the invalidation of claim 16.

The sole issue Kioxia identified in its appeal was "[w]hether the Board erred in its construction" of the "decode" limitations. D.I. 243, Ex. 1 at 2 ("Statement of the Issues"). The introduction and conclusion to Kioxia's appeal brief both explicitly request a "remand for further proceedings." *Id.* at 4, 29. The ultimate question of the validity of 16 has not been presented in Kioxia's appeal. Moreover, that appeal may well take more than a year to complete, and any subsequent proceedings before the PTAB would drag on for additional months at least.

Kioxia's likelihood of success on appeal is exceedingly low. The PTAB found every claim Kioxia challenged to be patentable. The claim term that forms the basis of Kioxia's appeal does not even show up in claim 16. And regardless of the construction of that term, there are independent, unchallenged bases for the Federal Circuit to affirm the PTAB's decision that claim 16 is patentable.

No stay is warranted in these circumstances. The most likely scenario by far is that the stay results in nothing more than a lengthy and unnecessary delay for a case that is ready for trial. *See UNM Rainforest Innovations v. D-Link Corp.*, No. 6:20-CV-00143-ADA, 2023 WL 2706748, at *3 (W.D. Tex. Mar. 29, 2023) ("[I]f the Court were to grant the stay, the Federal Circuit may ultimately affirm the PTAB's findings, unnecessarily delaying the case and prejudicing UNMRI."); *Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-CV-00507-ADA, 2023

WL 11915742, at *4 (W.D. Tex. Mar. 22, 2023) ("But 'the mere possibility' that the Federal Circuit might reverse the PTAB's decision in those IPRs 'is too speculative to be given much weight.' . . . [I]t is exceedingly unlikely that the Federal Circuit's rulings on the appeals filed from the PTAB's judgments . . . will affect any additional simplification of issues."). Kioxia's appeal is not likely to simplify this case any further; Viasat has agreed to focus trial on a single claim, that claim has been found patentable by the PTAB, and the parties are ready for trial.

I.     ARGUMENT

    A.     **If The Federal Circuit "Reverses" The Challenged Construction, Remand For Additional Proceedings Would Be Necessary**

Kioxia suggests that it has asked the Federal Circuit to reverse the PTAB's patentability determination because it asked for "reversal" of the claim construction. But Kioxia's cited authority proves Viasat's point. "Reversal" of the construction Kioxia appeals does not end the PTAB proceeding. A Federal Circuit finding that the PTAB erred in construing a phrase regularly results in a remand for further proceedings. *See VLSI Tech. LLC v. Intel Corp.*, 53 F.4th 646, 656 (Fed. Cir. 2022) ("Because the Board erred in construing the phrase 'used for electrical interconnection,' we reverse the Board's construction of that phrase and remand for further proceedings regarding claim 20."); *Arista Networks, Inc. v. Cisco Sys., Inc.*, 908 F.3d 792, 804 (Fed. Cir. 2018) ("we reverse the Board's construction of the term 'broadcast' and remand to the Board for further proceedings consistent with the construction provided above"); *Tennant Co. v. Oxygenator Water Techs., Inc.*, No. 2022-2304, 2024 WL 3507694, at *1 (Fed. Cir. July 23, 2024) ("because the Board failed to address Tennant's argument that the prior art practiced all the claimed parameters of the '415 patent and thus inherently anticipated the claimed nanobubbles limitation, we *reverse and remand*" for further proceedings).

If Kioxia were to prevail (against the odds) in its appeal, the same would happen here. First, that is what Kioxia has requested: "Kioxia requests that this Court vacate the Board's final written decision and remand for further proceedings." D.I. 243, Ex. 1 at 4; *see also id.* at 18, 29. Additionally, the PTAB has not made any factual findings necessary to support an obviousness determination of claim 16 (among others). The PTAB concluded that Kioxia's "arguments and evidence" for certain dependent claims, including claim 16, "do not remedy the deficiencies in [Kioxia]'s challenge to independent claims 1, 15, and 17." D.I. 243, Ex. 4 at 42. Accordingly, the PTAB never made any factual findings relevant to whether it would have been obvious to combine the references Kioxia asserted. It is not the Federal Circuit's "role to make factual findings in the first instance." *Hill-Rom Servs., Inc. v. Matal*, 716 F. App'x 996, 1005 (Fed. Cir. 2017); *Mittal Steel Point Lisas Ltd. v. United States*, 542 F.3d 867, 875 (Fed. Cir. 2008) ("Appellate courts do not make factual findings; they review them."). And Kioxia has not asked the Federal Circuit to decide whether it would have been obvious to combine the asserted references. This case is therefore substantially different from *Owens Corning*, where the PTAB undertook a full obviousness analysis and "found that Owens Corning had failed to show that a skilled artisan would have combined" the prior art. *Owens Corning v. Fast Felt Corp.*, 873 F.3d 896, 900 (Fed. Cir. 2017). Unlike *Owens Corning*, there is no chance that the Federal Circuit finds claim 16 invalid based on Kioxia's pending appeal. Instead, reversing the PTAB's claim construction would return the case to the same posture it has had for the past two years while the IPR was pending and this case was proceeding to trial.

  **B.  Kioxia's Appeal Is Unlikely To Succeed**

Kioxia accuses Viasat of "handicapping" Kioxia's appeal. D.I. 244 at 3. But Viasat has simply presented facts that cannot meaningfully be disputed—and Kioxia does not even try. The

3

Federal Circuit routinely affirms the vast majority of appeals from the PTAB, including more than 83% last year. D.I. 243, Ex. 5.

But more importantly, Kioxia's appeal only challenges construction of a term that does not even appear in claim 16. Try as it might, Kioxia cannot fit "decode the received encoded data" into a claim term reciting "a decoder." The challenged claim term simply is absent from claim 16, and so its construction is not relevant.

It makes sense then that the PTAB's decision on claim 15 (and therefore claim 16) is not based on that construction. Instead, it concluded that Kioxia did not show that the prior art taught the limitation "retrieve[s] the encoded data from flash memory to generate a plurality of data streams"—because Kioxia's petition did not show a decoder retrieving data *from* flash memory. D.I. 243, Ex. 4 at 30 ("Petitioner does not, however, show that Lee's decoder 530 'retrieve[s] the encoded data from flash memory to generate a plurality of data streams,' as recited in claim 15."). Kioxia does not challenge that finding on appeal. The PTAB also declined to let Kioxia draw new boxes in its reply brief to identify a new decoder. D.I. 243, Ex. 4 at 31 ("Petitioner's reply argument is inconsistent with the Petition and the original [expert] declaration"). Kioxia does not challenge that finding on appeal either. Those are independent bases for affirming the Board's patentability decisions of claim 15 and 16.

Even if the construction of "decode the received encoded data" were somehow to matter—despite Kioxia telling the Board that it didn't, D.I. 243, Ex. 6 at 17:8-11)—there still is no reason to change that construction. Both the PTAB and this Court agreed that the plain and ordinary meaning of that term should apply, and the PTAB made factual findings about what that term means. Both the PTAB and this Court accepted what Kioxia and its expert said—that "buffering

4

by itself would not be considered decoding to a person of ordinary skill." D.I. 243, Ex. 4 at 14; D.I. 49 at 3. There is no reason to think the Federal Circuit will see it any differently.

### C. Viasat's Decision To Drop Claim 6 Was Not Driven By Kioxia's *Daubert*

Viasat did not drop claim 6 to escape some "immutable fact" about its damages analysis for that claim. Nor did Viasat "retreat" to claim 16. Colorful language aside, neither suggestion reflects reality. Far from it. Viasat dropped claim 6 because it is confident that claim 16 will survive Kioxia's appeal, and Viasat wished to simplify the trial by proceeding on just one claim. Indeed, the parties indicated to the Court in January that additional narrowing (from four asserted claims) would be appropriate before trial. D.I. 128. That is nothing out of the ordinary or an implied commentary on the strength of the claim. Regardless, Viasat is prepared to try claim 6 along with claim 16, if that would cause the Court to lift the stay. And Viasat was and remains willing to explain to the Court why Kioxia's *Daubert* motion is premised on both an incorrect understanding of apportionment law and a misstatement of Viasat's damages opinions.

## II. CONCLUSION

Viasat respectfully requests that the Court reconsider the stay of this case and enter a new trial date.

| | |
|---|---|
| November 1, 2024 | Respectfully submitted,<br><br>/s/ *Melissa R. Smith*<br>Melissa R. Smith, State Bar No. 24001351<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>melissa@gillamsmithlaw.com<br><br>J. Scott McBride (*Pro Hac Vice*)<br>Matthew R. Ford (*Pro Hac Vice*)<br>Nevin M. Gewertz (*Pro Hac Vice*)<br>Meg E. Fasulo (*Pro Hac Vice*)<br>Jessica Bernhardt (*Pro Hac Vice*)<br>Ravi Shah (*Pro Hac Vice*)<br>BARTLIT BECK LLP<br>54 W. Hubbard Street, Suite 300<br>Chicago, IL 60654<br>Telephone: (312) 494-4400<br>scott.mcbride@bartlitbeck.com<br>matthew.ford@bartlitbeck.com<br>nevin.gewertz@bartlitbeck.com<br>meg.fasulo@bartlitbeck.com<br>jessica.bernhardt@bartlitbeck.com<br>ravi.shah@bartlitbeck.com<br><br>Nosson D. Knobloch (*Pro Hac Vice*)<br>BARTLIT BECK LLP<br>1801 Wewatta Street, Suite 1200<br>Denver, CO 80202<br>Telephone: (303) 592-3100<br>nosson.knobloch@bartlitbeck.com<br><br>*Counsel for Plaintiff Viasat, Inc.* |

## **CERTIFICATE OF SERVICE**

I certify that on November 1, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing to counsel of record for Defendants.

/s/ *Melissa R. Smith*