NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re VIASAT, INC.,**
*Petitioner*

---

2025-110

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-01231-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

**O R D E R**

Viasat, Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to schedule trial "as soon as practicable" or, alternatively, to expedite oral argument in Appeal No. 2024-1384, Pet. 1, which involves the patent claim asserted in the district court case. Kioxia America, Inc. opposes.

Viasat and Kioxia are involved in parallel pending proceedings before the Western District and the Patent Trial and Appeal Board over Viasat's U.S. Patent No. 8,615,700. The Board reached final determinations that claims 1, 4, 8,

15, 17, and 19 are unpatentable.[1] At present, two actions are pending: Kioxia's appeal (Appeal No. 2024-1384) from the Board's rejection of its challenges to patentability of claims 2, 10–12, 13, 14, 16, and 23–25 and Viasat's infringement action in the Western District.

On October 15, 2024, Viasat informed the Western District and Kioxia that it was narrowing its asserted claims in this infringement action to only claim 16, which had survived the Board's decisions. App. 451. On October 17, 2024, approximately two weeks before trial was scheduled to begin, the district court *sua sponte* stayed proceedings pending resolution of Appeal No. 2024-1384, giving significant weight to its finding that a stay could simplify the issues in this litigation. On October 23, 2024, Viasat moved for reconsideration of that order. That motion is now fully briefed and remains pending. On November 22, 2024, Viasat filed this petition.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the well-established standard for such relief, a petitioner must: (1) show that he has a clear and indisputable right to relief; (2) show that he does not have any other adequate method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). Viasat has not met that demanding standard.

Viasat raises several alleged misstatements of law and fact in the stay order. Notably, it has asked the district court to reconsider its stay ruling based on those same allegations. The availability of reconsideration ordinarily weighs heavily against granting a writ. *See In re*

---

[1] Those proceedings (IPR2022-01126) were brought by Western Digital Corporation and joined by Kioxia.

IN RE VIASAT, INC. 3

*BigCommerce, Inc.*, 890 F.3d 978, 982 (Fed. Cir. 2018). The petition is therefore denied without prejudice. This court takes no position with respect to the reconsideration request. The request to expedite Appeal No. 2024-1384, which is now fully briefed and awaiting calendaring, is also denied without prejudice to filing a motion to expedite in that appeal.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

January 17, 2025
Date

Jarrett B. Perlow
Clerk of Court