**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **VIASAT, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 6:21-CV-1231-ADA** |
| | § | |
| **KIOXIA CORPORATION and KIOXIA** | § | |
| **AMERICA, INC.,** | § | |
| **Defendant.** | § | |

**ORDER GRANTING DEFENDANTS' MOTION FOR INTRA-DISTRICT TRANSFER**
**TO THE AUSTIN DIVISION**

Before the Court is Defendants Kioxia Corporation ("KIC") and Kioxia America, Inc.'s ("KAI") (collectively "Kioxia") Motion for intra-district transfer from the Waco Division to the Austin Division pursuant to 28 U.S.C. § 1404(a). Dkt. 251-1. After due consideration, the Court finds that Defendants' Motion should be **GRANTED** and that this case should be transferred to the Austin Division as it is the most convenient venue that can facilitate an expeditious trial setting.

## I.     BACKGROUND

This case was stayed in October 2024 pending resolution of an appeal concerning Kioxia's IPR challenging claim 16—the only asserted claim remaining. *See* Dkt. Nos. 242, 251. The appeal has concluded, and the Federal Circuit affirmed the PTAB's determination that claim 16 is not invalid. Dkt. No. 251 at 4. Since the case was stayed in October 2024, the undersigned has moved to the Austin Division and is maintaining both his Waco docket and Austin docket until another district judge is appointed. Currently, the undersigned maintains a large Austin docket and has more availability for Austin trials in the upcoming months.

Defendants moved to transfer this action from the Waco Division to the Austin Division,

1

so that it will remain before the undersigned who is familiar with the case. The Court granted Defendants' Motion for Leave to File the Transfer Motion, as it was filed beyond the time originally permitted.

Plaintiff Viasat filed an opposition to the transfer motion but noted in the opposition that "the question of *when* this case will go to trial is far more important to Viasat than *where*." Dkt. No. 253 at 2 (emphasis in original). Viasat therefore stated that it "would not oppose moving this case to Austin if that would facilitate an expedited trial setting." *Id.*

## II.     LEGAL STANDARD

The Court evaluates transfer under 28 U.S.C. § 1404(a) by considering several private and public interest factors. *In re Volkswagen of Am., Inc.* ("Volkswagen II"), 545 F.3d 304 (5th Cir. 2008) (en banc). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 315. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* The Court should grant the transfer motion if "the transferee venue is clearly more convenient." *Id.*

## III.     DISCUSSION

The Court finds that, on balance, the private interest factors are largely neutral. However, the fourth private factor strongly favors transfer. The undersigned can accommodate a trial setting for this case as early as May in Austin. In contrast, the undersigned would not be able to hold the trial in Waco until late July at the earliest. Therefore, the practical problems of scheduling make

trial of this case easy and expeditious in Austin, rather than in Waco. Additionally, the undersigned's familiarity with this case will aid in its trial being easier, and that benefit may be lost if a new district judge is appointed in Waco before this case could be tried. That also makes the fourth factor favor transfer. The public interest factors are neutral between Austin and Waco.

All factors in this analysis are neutral except one that strongly favors transfer. Additionally, Plaintiff Viasat stated it would not oppose the intra-district transfer so long as it could obtain an expeditious trial setting. The Court finds that its availability in Austin compared to Waco likely reflects Viasat's desire for an expeditious setting. Once transferred, the Court will enter an order setting a trial date for early May in Austin.

### IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Intra-District Transfer to the Austin Division is **GRANTED**. Following transfer, the action will be assigned to the undersigned.

The Clerk's Office is respectfully directed to transfer this action to the Austin Division of the Western District of Texas and assign it to the undersigned.

**SIGNED** on February 13, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

3